IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARGARET BOND, ET AL.,

        Plaintiffs,                        05cv0681

      v.                                **Electronically Filed**

NATIONAL CITY BANK OF PENNSYLVANIA,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER OF COURT</u>

Plaintiffs Margaret Bond and Donald Eiselman commenced this case in the Court of Common Pleas of Allegheny County, Pennsylvania, on April 13, 2005, as a collective action under the Fair Labor Standards Act and as a class action under Rule 1701 of the Pennsylvania Rules of Civil Procedure. Defendant National City Bank of Pennsylvania removed the case to the United States District Court for the Western District of Pennsylvania on May 17, 2006, and filed its Answer on May 24, 2005.

At the initial case management conference on July 8, 2005, the parties agreed to the appointment of a Special Master and to submit the case to the Special Master, pursuant to Fed.R.Civ.P. 53(a)(2) and 53(b)(3). Pursuant to stipulation of the parties, this Court appointed Donald E. Ziegler, Esquire (former Chief Judge of the United States District Court for the Western District of Pennsylvania) as Special Master. Stipulation of Parties to Submit Case to Special Master, July 8, 2005 (Doc. no. 8 ).

Said Stipulation assigned certain "duties" and "authority" to the Special Master including in paragraph 3 as follows:

    A.     Special Master Ziegler shall schedule and conduct case management

conferences and/or status conferences that he deems necessary and appropriate for effective and efficient pre-trial management of this case.

B.    Special Master Zielger shall direct the filing of papers, take evidence, hold argument, make findings of fact and/or issue reports and recommendations concerning all pre-trial matters in the above-reference case including, but not limited to, matters involving the following:

   i.    Deadlines for the completion of all pre-trial proceedings;

   ii.    All discovery matters including, without limitation, appropriate scope, timing, duration, limitations of discovery and whether confidentiality agreements are appropriate; the adequacy of discovery responses; and/or the issuance of protective orders and orders compelling discovery;

   iii.    All matters related to the class action and/or collective action allegations contained in the pleadings including, without limitation, whether and when discovery relating to class action and/or collective action certification should take place; <u>whether a class action and/or collective action should be conditionally certified;</u> whether potential class action participants and collective action opt-in plaintiffs should be sent notice and, if so, the timing and procedure for individuals to opt into the collective action or opt out of the class action; and whether any conditionally certified class action and/or collective action should be decertified;

   iv.    Amendment of pleadings and addition/joinder of parties;

   v.    All issues relating to expert witnesses including, without limitation, the deadline by which experts must be identified; discovery relating to same; and determinations regarding the legal sufficiency and/or admissibility of the expert reports and/or opinions;

   vi.    All issues relating to dispositive motions including, without limitation, the deadlines for filing same or responding thereto, and disposition of same; and

   vii.    All other matters agreed to by later stipulation and/or directed by the Court.

Stipulation at ¶ 3A and B (emphasis added).

The Special Master was to file Reports and Recommendations concerning his exercise of the above authority, and this Court's scope of review of any such Report and Recommendation was set forth in Paragraphs 5 and 6 of the Stipulation as follows:

> 5.     When appropriate, Special Master Ziegler shall file with the Court reports and recommendations concerning the matters identified above and promptly serve a copy on the parties.  Special Master Ziegler shall attach to each report and recommendation any pertinent documents that were filed directly with him by the parties and which relate to the issue(s) being addressed in the report and recommendation.  With respect to any report and recommendation that is filed by Special Master Ziegler, either party may file objections to, or a motion to modify, a report and recommendation on or before 10 days from the time the report is served.  If no objections or motions to modify are filed within 10 days, then any such objections or proposed modifications are deemed to be waived.

> 6.     The parties stipulate, pursuant to Federal Rule of Civil Procedure 53(g)(3), that Special Master Ziegler's findings of fact will be reviewed for clear error.  Pursuant to Federal Rule of Civil Procedure 53(g)(4), the Court must decide *de novo* all objections to conclusions of law made or recommended by Special Master Ziegler. Pursuant to Federal Rule of Civil Procedure 53 (g)(5), and the parties' agreement thereunder, the Court will set aside a ruling on a procedural matter only for an abuse of discretion.

Special Master Ziegler issued a Memorandum Opinion, dated March 7, 2006, which the Court will treat as a "Report and Recommendation" under the procedure set forth above.  Said Memorandum Opinion (doc. no. 14) denied plaintiffs' Motion for Conditional Class Certification under Federal Rules of Civil Procedure 23 and 29 U.S.C. § 216(b) (doc. no. 9), stating as follows:

> AND NOW, this 7th day of March, 2006, after consideration of the Plaintiffs' Motion for "Conditional" Class Certification Under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b), Defendant's Motion to Strike Affidavits, Defendant's Motion to Enforce Settlement Agreement and Defendant's Motion for Protective Order, and the written submissions of the parties,

IT IS ORDERED the Plaintiffs' Motion for "Conditional" Class Certification shall be and hereby is DENIED for the following reasons:

(1)     Plaintiffs Margaret Bond and Donald Eiselman (collectively "Named Plaintiffs") commenced this action in the Court of Common Pleas of Allegheny County, Pennsylvania on April 13, 2005 as a Collective Action under the Fair Labor Standards Act ("FLSA") and as a Class Action under Pa. R.C.P. 1701, *et seq.* Defendant National City Bank of Pennsylvania ("National City") removed the case to the United States District Court for the Western District of Pennsylvania on or about May 17, 2005.

(2)     Named Plaintiffs were employed by National City as hourly rated, Customer Service Representatives and Branch Sales Service Representatives. Named Plaintiffs seek to represent a class of "all present and former employees of National City who, within three years prior to the filing of the Complaint, were employed as tellers, head tellers, customer service representatives and branch sales service representatives . . . and other similarly situated employees in other occupations subject to the same policies, and who worked hours in excess of their scheduled and paid hours in many work weeks without receiving proper minimum wage and overtime compensation from National City." Compl. at ¶ 6.

(3)     Named Plaintiffs contend that they worked many hours for which they were not compensated while performing duties pursuant to National City policies and procedures such as "opening each Branch office in accordance with a Safe Policy promulgated by National City; dealing with night deposits; dealing with the ATM machine; balancing the cash drawers at the end of the day; and preparing mandatory presentations, which assignments were rotated among the hourly rated employees at each Branch." Pls.' Motion at ¶ 4.

(4)     Named Plaintiffs also contend that they (and prospective plaintiffs) worked additional uncompensated time, "pursuant to individual Branch managerial policy" by, among other things, "being interrupted during their lunch period; traveling between various National City Branches without compensation; not being compensated for travel and all hours expended on mandatory training sessions; and taking work home for which no compensation was given." Pls.' Motion at ¶ 5.

(5)     Named Plaintiffs contend that they and prospective plaintiffs "were not permitted to record any hours worked other than their scheduled work time as the result of a National City wide policy that prohibited an employee from recording time worked in excess of the time they were scheduled to work." Pls.' Motion at ¶ 9.

(6)     Finally, Named Plaintiffs contend that they and prospective plaintiffs were never "schooled or taught" by National City what constitutes compensable time pursuant to the Fair Labor Standards Act ("FLSA"), the Pennsylvania Wage Payment and Collection Law ("WPCL") and the Pennsylvania Minimum Wage Act ("MWA").  Pls.' Motion at ¶ 10.

(7)     National City employs 857 full-time nonexempt employees who perform various job functions at 215 branch offices throughout Western Pennsylvania.  National City asserts that, "[t]hrough devices such as manager training, nonexempt employee training, daily reminders on the Employee Time Report, and audits, National City has promulgated policies that require employees to accurately report all of their time worked."  Def.'s Br. in Opp'n at 3.  In addition, National City contends that "it pays its nonexempt employees for overtime regardless of whether they have received pre-approval." *Id.*

(8)     The FLSA permits employees to maintain a representative action for overtime pay on their own behalf and on behalf of all other "similarly situated" employees who "opt-in" to the suite.  *See* 29 U.S.C. § 216(b).  The determination of whether potential plaintiffs are "similarly situated" involves a two-step process: (i) conditional certification and (ii) final certification.

(9)     The Special Master agrees with the reasoning of the District Court in Smith v. Sovereign Bancorp., Inc., No. Civ. A. 03-2420, 2003 WL 22701017, at *2-3 (E.D. Pa. Nov. 13, 2003), that the Named Plaintiffs must make a "modest factual showing" that they and the prospective plaintiffs are similarly situated in order to warrant conditional certification and class discovery.

(10)     The Special Master finds that conditional class certification is not appropriate because the Named plaintiffs have not shown that they are sufficiently "similarly situated" to the prospective plaintiffs.  Named Plaintiffs have not shown that they and the prospective plaintiffs were together victims of an unlawful policy.  Notably, Named Plaintiffs reported and were paid overtime on a regular basis during the potential class period.  Named Plaintiffs also signed acknowledgments indicating that they were trained and received materials on National City's policies regarding time-reporting.  These facts distinguish Named Plaintiffs from the alleged potential class.  Moreover, an examination of the claims asserted by the Named Plaintiffs would require a fact-intensive, individualized inquiry of the job position, job duties, work history, and alleged individual branch policies of every prospective plaintiff.  In fact, the Named Plaintiffs themselves allege varying circumstances at each branch.  Moreover, liability may be found at one location but not another, which would lead to further individual analysis on damages.  The diverse nature of the potential class and the unique circumstances of each employee at each branch render conditional class

certification inappropriate.

(11)    Named Plaintiffs have also moved for "conditional" class
certification under Federal Rule of Civil Procedure 23.  First, the Named Plaintiffs
must show compliance with the requirements of Rule 23(a): the class is so
numerous that joinder of all members is impracticable; there are questions of law
or fact common to the class; the claims or defenses of the representative parties
are typical of the claims or defense of the class; and the representative parties will
fairly and adequately protect the interests of the class.  Then, an inquiry must be
made to determine whether the Named Plaintiffs can meet at least one of the three
conditions of Rule 23(b).

(12)    The Special Master similarly finds that class certification is not
appropriate under Rule 23.  The Named Plaintiffs cannot satisfy the elements of
commonality and typicality.  The Affidavits of the Named Plaintiffs reveal that
individualized inquires of questions of fact and law would be necessary for each
prospective plaintiff a each particular branch office.  The alleged policies and
procedures involving branch operations are not typical of each branch and do not
apply consistently to all potential class members.  Likewise, job titles and duties
vary widely among the potential class members.  Questions of fact and law will
differ for each prospective plaintiff and will be unduly burdensome to the Court in
managing this case as a collective action.  The individualized inquiries would also
reveal the likelihood of intra-class conflicts.  Some prospective plaintiffs had
supervisory roles over other prospective plaintiffs regarding timekeeping.
Therefore, an individualized analysis of each supervisor-employee relationship
would be necessary. The potential for intra-class conflicts also raises doubts on
the ability of the Named Plaintiffs to adequately represent the class.  In sum, the
fact-intensive, individualized nature of the allegations renders class certification
inappropriate.

IT IS FURTHER ORDERED that the Defendant's Motion to Strike
Affidavits shall be and hereby is GRANTED IN PART AND DENIED IN PART.
The Motion shall be and hereby is GRANTED with respect to the Affidavit of
Gayle Killian and those portions of the Affidavit of Donald Eiselman which relate
to events occurring prior to the commencement of the class period.  The Motion
shall be and hereby is DENIED in all other respects.

IT IS FURTHER ORDERED that the Defendant's Motion to Enforce
Settlement Agreement shall be and hereby is DENIED.

IT IS FINALLY ORDERED that the Defendant's Motion for Protective
Order shall be and hereby is GRANTED.  Plaintiffs shall be and hereby are
precluded from taking the deposition of Gayle Killian.

Plaintiffs filed timely objections to said Memorandum Opinion on March 14, 2006 (doc. no. 13), pursuant to the Stipulation, setting forth the following four (4) objections:

(a)     Special Master Ziegler erred in requiring Plaintiffs to make a factual showing in support of their claim of being "similarly situated" to prospective Plaintiffs without permitting any discovery by Plaintiffs to obtain facts in support of their claim that they and prospective Plaintiffs were victims of an unlawful policy of Defendant.

(b)     Special Master Ziegler erred in regarding the fact that Plaintiffs were paid some overtime compensation as being relevant to the issue of whether Plaintiffs were "similarly situated" to prospective Plaintiffs.  Plaintiffs claim that they and prospective Plaintiffs were victims of Defendant's policies which resulted in a failure to count and pay for all hours worked.  That Defendants counted and paid for some work time has no relevance as to whether all work time was counted or paid.

(c)     Special Master Ziegler erred in regarding the training of Plaintiffs and prospective Plaintiffs by Defendant regarding time reporting as significant in whether Plaintiffs were "similarly situated" to prospective Plaintiffs.  The training by Defendant consisted of instructing employees in methods of reporting time.  No comprehensive training by Defendant in Fair Labor Standards Act principles which would permit employees to identify compensable time pursuant to the Act, occurred prior to July, 2005.

(d)     Special Master Ziegler erred in regarding Plaintiffs' recitation of circumstances leading to uncompensated time as requiring "a fact intensive, individualized inquiry of job position, job duties, work history and alleged individual bank branch policies of every prospective Plaintiff."  The Fair Labor Standards Act requires employees to have policies that assure that time worked by employees is recorded and paid regardless of the position, duties, work history or circumstances at branch locations.  Plaintiffs have provided statements that in at least four branches, Defendant's policies have not guaranteed payment for all hours worked.  In the absence of conducting discovery, Plaintiffs have no means to demonstrate more widespread failure of Defendant to pay employees for all hours worked.  In the absence of conducting discovery, Plaintiffs have no means to demonstrate more widespread failure of Defendant to pay employees for all hours worked.  For example, Defendant's opening policy must occur daily at all branches.  Plaintiffs have stated they were not paid for the time spent in following the opening policy.  Defendant has not presented evidence that employees were specifically instructed to consider the time spent in following the opening policy as work time or that the policy varies from branch to branch.  All the employees

-7-

of Defendant who participated in carrying out the opening policy are "similarly situated" to Plaintiffs.

As a preliminary matter, each of these four (4) matters decided by the Special Master were well within his "duties" and "authority" as the Special Master under the Stipulation and this Court's appointment.  Further, the proceeding before the Special Master was conducted within the context of plaintiffs' Motion for Conditional Class Certification Pursuant to 29 U.S.C. § 216(b) and Rule 23 of the Federal Rules of Civil Procedure.

After conducting a *de novo* review of the Special Master's conclusions of law and his determination that conditional class certification is not appropriate under 29 U.S.C. § 216(b) nor under Rule 23, the Court agrees with the analysis of the Special Master and finds that plaintiffs have not complied with the requirements of 29 U.S.C. § 216(b) nor the Rule 23(a) requirements. *See, e.g., Smith v. Sovereign Bancorp.*, No. Civ. A. 03-2420, 2003 WL 22701017 (E.D. Pa. 2003) (plaintiffs failed to make basic factual showing that the proposed recipients of opt-in notices were similarly situated to the named plaintiffs), citing *Dybach v. Florida, Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991) ("Before determining to exercise [its] power [to approve notice to potential plaintiffs], the district court should satisfy itself that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' . . . ."), and *Mueller v. CBS*, 201 F.R.D. 425, 428 (W.D. Pa. 2001) (requiring plaintiff to provide "a sufficient factual basis on which a reasonable inference could be made" that potential plaintiffs are similarly situated ).

The Court also agrees that the Special Master properly decided the Motion for Conditional Class Certification without permitting plaintiffs to conduct discovery; that plaintiffs did not show that they are sufficiently "similarly situated" to prospective plaintiffs; and that

plaintiffs cannot satisfy the elements of commonality and typicality.   Moreover, the Special

Master's decision to deny the request for discovery as untimely was well within the Special

Master's discretion.  Even though the parties have not objected to the rulings of the Special

Master on Defendant's Motion to Strike Affidavits, Defendant's Motion to Enforce Settlement

Agreement, and Defendant's Motion for Protective Order, the Court has reviewed these rulings

and finds they were properly decided.

Therefore, the objections of plaintiffs (doc. no. 13) are DENIED, and the denial of

plaintiffs' motion for conditional class certification under 29 U.S.C. § 216(b) and Rule 23 of the

Federal Rules of Civil Procedure by the Special Master is AFFIRMED.

**SO ORDERED** this 22nd day of June, 2006.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All counsel of record as listed below

John R. Linkosky, Esquire
715 Washington Avenue
Carnegie, PA 15106

Amy E. Dias, Esquire
James S. Urban, Esquire
Jones Day
One Mellon Center, 31st Floor
Pittsburgh, PA 15219